IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry Alexander Canzater, | ) | C/A No. 0:11-cv-110-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| A.W. McKay; R. Huggins; P. Hough | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————— | ) | |

The plaintiff, Jerry Alexander Canzater, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Kershaw Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

PJG

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon, 574 F.2d at 1151, and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

PJG

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff complains of cruel and unusual punishment, in that the clothing and undergarments provided to him by the institution have become "dinghy" [*sic*], and tight. (Compl., ECF No. 1 at 4.)  He further complains that "[m]y mattress is so torn up and thin, that I would be better off sleeping on the steel bunks."  Id.  In terms of relief, Plaintiff requests a "declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States," and asks that the court order the defendants to provide Plaintiff with more clothing and bedding.  (Id. at 6.)

## DISCUSSION

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Plaintiff herein invokes the Eighth Amendment, complaining that the conditions he suffers rise to the level of cruel and unusual punishment.  To state a prima facie Eighth Amendment claim for conditions of confinement, a two prong test must be met: the plaintiff must be able to show that (1) there was a serious deprivation of a basic human need, and (2) that prison officials were

deliberately indifferent to the prison conditions. <u>Wilson v. Seiter</u>, 501 U.S. 294, 300 (1991);

<u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>Shakka v. Smith</u>, 71 F.3d 162, 165 (4th

Cir.1995).

In <u>Shakka</u>, the Fourth Circuit summarized the application of the Eighth Amendment

to prison conditions cases:

> Because evolving precepts of humanity and personal dignity animate the
> Eighth Amendment, we are guided by contemporary standards of decency
> in determining whether an alleged harm is sufficiently deleterious to satisfy
> the objective component of an Eighth Amendment claim. We are mindful,
> however, that the constitutional prohibition against the infliction of cruel and
> unusual punishment "does not mandate comfortable prisons, and only those
> deprivations denying the minimal civilized measure of life's necessities are
> sufficiently grave to form the basis of an Eighth Amendment violation."
> Indeed, the ordinary discomfort accompanying prison life is part and parcel
> of the punishment those individuals convicted of criminal offenses endure as
> recompense for their criminal activity. Accordingly, only extreme deprivations
> are adequate to satisfy the objective component of an Eighth Amendment
> claim.
>      In the context of a conditions-of-confinement claim, to demonstrate
> that a deprivation is extreme enough to satisfy the objective component of
> an Eighth Amendment claim, a prisoner must "produce evidence of a serious
> or significant physical or emotional injury resulting from the challenged
> conditions," or demonstrate a substantial risk of such serious harm resulting
> from the prisoner's unwilling exposure to the challenged conditions.

<u>Shakka</u>, 71 F.3d at 166 (internal citations omitted).

While Plaintiff has complained of some ordinary discomforts which accompany

prison life, he has not alleged any injury, harm, or risk of injury or harm serious enough to

constitute an extreme deprivation. Because the Complaint does not indicate a deprivation

of a basic human need, the deprivations suffered by Plaintiff do not rise to the level of an

Eighth Amendment violation. Therefore, Plaintiff has failed to state a claim under 42

U.S.C. § 1983.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.  See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 10, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).